### SHIELDS *et al.* v. BOLING.

No. 4911.   Opinion Filed December 21, 1915.

Rehearing Denied January 11, 1916.

(153 Pac. 1137.)

**APPEAL AND ERROR—Scope of Review—Failure to File Brief.** Where plaintiffs in error comply with the rules and file their brief, and defendant in error files no brief, the court will not search the record, but, where the brief filed reasonably tends to support the assignments of error, a reversal will be ordered.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Cleveland County;*
*F. B. Swank, Judge.*

Action by Mrs. E. L. Boling against T. G. Shields and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*W. L. Eagleton,* for plaintiffs in error.

*Loyal J. Miller,* for defendant in error.

Opinion by RITTENHOUSE, C. Plaintiffs in error have perfected their appeal and served and filed briefs in compliance with the rules of the court. Defendant in

error has neither filed a brief nor offered any excuse for such failure.

Judgment was rendered in this cause before a justice of the peace, and appeal perfected to the county court of Cleveland county, Okla. The action is upon a promissory note of $46.25 given for rent of certain lands located in said county: Before the trial in the county court defendants asked leave to file an answer in said cause, setting up an eviction from the premises before expiration of the lease, and asking damages in the sum of $65. The court refused to allow the answer to be filed, and upon the trial refused to allow the defendants to show that there was an eviction and the value of the premises for grazing purposes. The court did, however, submit these questions to the jury by instructions, but there was a large amount of competent evidence excluded on the measure of damages.

It is the opinion of this court that the trial court erred in refusing to allow defendants to file their answer and to make proof of the questions of eviction and damages. This court is not required to search the record to find some theory upon which the judgment may be sustained, and, where the brief filed appears reasonably to sustain the assignment of error, this court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

The cause should therefore be reversed and remanded for a new trial.

By the Court: It is so ordered.